C. T. MARTIN, Appellant, v. HATTIE CRAIG, Principal, Chris Waldie, J. A. Youngman, and Knut Larson, the Board of School Directors of Roscoe School District, La Moure County, North Dakota, an Educational Corporation, Respondents.

(173 N. W. 787.)

In order to prevent the spread of a communicable disease, trachoma, a county board of health issued an order requiring school officers to deny admission to public schools to children who were affected with the disease or who were suspected of being affected, and who were not at the time under treatment. A survey was made by a representative of the Public Health Service of the Federal government, which resulted in finding within the county 120 positive cases and 350 suspected cases. It is *held:*

**School boards — right to exclude certain children.**

1. The order of exclusion is reasonable.

**County health board — diseased children — mandamus to compel admission — when exercised.**

2. Where qualified physicians disagree upon the diagnosis of a diseased condition of particular persons, the health authorities and a school board, whose duty it is to execute the orders of the board of health, are justified in acting upon the opinion of their own competent experts.

**County health board — diseased children — mandamus to compel admission — when exercised.**

3. The discretion to issue or deny a writ of mandamus will not be exercised under the circumstances manifested in the instant case in such a way as might result in needlessly exposing healthful children to a serious disease.

Opinion filed April 22, 1919.

Appeal from District Court of La Moure County, *J. A. Coffey,* J. Order affirmed.

*Knauf & Knauf,* for appellant.

A father is the natural guardian of his minor children, and is charged by law with the duty of attending to their support and education. Under our statute he is guilty of a misdemeanor if he fails to send his children to the public schools according to law. Crawford v. District School Bd. (Or.) 50 L.R.A.(N.S.) 147, 137 Pac. 217; L. O. L. § 4120; Laws 1911, p. 428; High, Extra. Leg. Rem. 3d ed. § 438.

Where school children duly presented themselves for admission to school, and brought with them certificates of good health, and were otherwise legally entitled to attend such school and were refused admittance, the peremptory writ of mandamus should have issued. Heintz v. Moulton, 64 N. W. 135; Tape v. Hurley (Cal.) 6 Pac. 129; Perkins v. Directors, 54 Iowa, 476, and cases cited; Smith v. Board, 40 Iowa, 518; Clark v. Board, 24 Iowa, 266; State v. Osburn, 24 Mo. App. 309; State v. White, 82 Ind. 278; Cook v. Board, 107 N. E. 327.

*Hutchinson & Lynch,* for respondents.

The superintendent shall have full and complete control, subject to the supervisory control of the state board of health, of all matters appertaining to public health outside the limits of incorporated cities within his county.   Comp. Laws 1913, § 408.

Legislatures may invest boards of health with the power of making rules and regulations for the protection of the public health, and when such rules are reasonable they will be upheld by the courts.   21 Cyc. 387.

BIRDZELL, J.   This is an appeal from an order of the district court of La Moure county, quashing an alternative writ of mandamus.   The plaintiff and appellant is the legal custodian of two children of school age, and he petitioned for a peremptory writ compelling the defendants to admit them to school.   The defendants justify the refusal on the ground that one of the children had been found by a reputable physician and by a qualified representative of the Federal Health Service, one Major Oakley, to be affected with trachoma, and the other to present a case where trachoma is suspected.   It appears that during the past few years the disease of trachoma has been present in La Moure county.

The school nurse directed the attention of the county health authorities to a number of cases where school children appeared to be affected with granulations of the eyelids, and, when some of them were examined by the superintendent of the county board of health, he diagnosed the cases as trachoma.   When examined by other physicians, however, and even by representatives of the state public health laboratory, the finding was negative as to trachoma.   Some of the cases that had been pronounced trachoma by the superintendent of the county

board of health, and not trachoma by the representatives of the public health laboratory, were sent to the government hospital located at Pikeville, Kentucky, for treatment, and were there diagnosed as trachoma. There being a considerable number of persons afflicted with this or similar eye trouble, representations were made by the governor of the state to the Federal Public Health Service, which resulted in a survey being made by a representative of the latter service, one Major Oakley. In his report he found in La Moure county 120 positive and 350 suspicious cases of trachoma. As a result of this survey, a government hospital has been established at La Moure, in which patients afflicted may be given the advantage of scientific treatment without charge.

The disease is communicable and of a very serious nature, frequently resulting in blindness and always in impairment of the normal functions of the tissues immediately affected. To prevent the spread of the disease and to secure proper treatment for those affected, the county board of health promulgated an order forbidding admission to school of children who, upon examination, were found to be or suspected of being afflicted, unless they were at the time under treatment for the disease.

In the instant case, the petitioner produced two doctors who presented what is generally considered to be first-class professional credential qualifying them to give expert testimony. They had had ample opportunity to examine the patients and to diagnose the cases. In fact, the children had been patients of one of the doctors. These doctors testify that the children are not afflicted with trachoma, but with folliculosis. One of them also testifies that it is injurious to the eye to treat it for trachoma when trachoma is not present, but a careful reading of his testimony discloses that the injury results from a species of treatment that is likely to be resorted to only when the disease is clearly present and when the necessity for radical treatment is indicated. We find nothing in the testimony or in the record that would justify us in presuming that any reputable physician would resort to treatment which must necessarily result in some degree of impairment, until the case indicates that such treatment is necessary.

The order of exclusion in the instant case cannot be said to be unreasonable. It only excludes those whose cases are positive and suspected, who are not at the time under treatment. The seriousness of

the disease and its communicable character afford ample foundation for such an order, and, even conceding that it may be doubted in the instant case whether the children in question are affected, the doubt is one that must be resolved in favor of the authorities charged with the serious responsibility of preventing the spread of the disease. This is a case where mandamus does not issue as a matter of right, but where it will only issue in the exercise of a judicial discretion, and this discretion should not be exercised in a way that might result in needlessly exposing healthful children to a disease as serious as trachoma. See 26 Cyc. 143.

The order appealed from is affirmed.

GRACE, J. I concur in the result.